**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| AXLE OF DEARBORN, INC. d/b/a DETROIT AXLE, <br><br>*Plaintiff,*<br><br> V.<br><br> DEPARTMENT OF COMMERCE, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00091 |

**MOTION FOR LEAVE OF ECOMMERCE INNOVATION ALLIANCE
TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF**

Pursuant to Rule 76 of the Rules of the United States Court of International Trade and this Court's inherent authority, proposed *amicus curiae* the Ecommerce Innovation Alliance (EIA) respectfully moves for leave to file the attached Brief of *Amicus Curiae* Ecommerce Innovation Alliance in support of Plaintiff.

**INTEREST OF *AMICUS CURIAE***

The proposed *amicus curiae*, EIA, is a non-profit, non-partisan trade association founded in 2023. EIA is dedicated to advocating for policies that strengthen the ecommerce ecosystem while protecting consumers. EIA's members are primarily small and mid-sized U.S.-based ecommerce businesses or technology providers who directly support these businesses. Many members are sole proprietors or local businesses that create jobs.

These businesses rely on the *de minimis* exception (19 U.S.C. § 1321(a)), the threshold for which was raised from $200 to $800 by Congress, to keep prices down when importing goods. They built their operations and supply chains prudently based on this long-standing U.S. foreign trade policy. They relied on Congress's assurance that the *de minimis* exception would not be

denied without regulations adopted through the Administrative Procedure Act (APA) notice-and-comment rulemaking process.

EIA's interest in this case stems from ensuring governmental agencies abide by federal laws governing their operations and accurately enforce trade laws established by Congress. EIA filed public comments in response to the Notice of Proposed Rulemaking (NPRM) concerning trade actions and low-value shipments, specifically advocating against the proposed elimination of the *de minimis* exception for goods from countries subject to *ad valorem* tariffs, such as China. The abrupt elimination of the *de minimis* exception for goods from China has already resulted in crushing cost increases and overwhelming administrative burdens for small and mid-sized businesses, threatening their viability.

## GROUNDS FOR LEAVE

This Court has discretion to permit the filing of *amici* briefs when amici have "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case'". *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 128 (3d. Cir. 2002) (Alito, J.); *see* Fed. R. App. P. 29(a)(3)(B). Courts routinely grant leave where *amici* offer a unique perspective, are not duplicative of the parties' arguments, and may aid the court on issues of public and constitutional importance. EIA's brief satisfies these criteria.

- **Unique and Specialized Perspective:** The EIA brief provides a unique perspective on the significant impact of the challenged action – the elimination of the *de minimis* exception for goods from China – on U.S.-based small and mid-sized ecommerce businesses and American consumers. It explains how the de minimis exception fostered this sector's growth and inclusive job creation. The brief details the specific and irreparable harms faced by these businesses, including increased costs, administrative

burdens, supply chain disruptions, and threats to their existence. It also highlights the significant economic impact on consumers, including price increases and welfare losses. This perspective, focusing on the practical and economic consequences for a specific sector and consumers, is distinct from the primary arguments of the direct plaintiff in this case.

- **Non-duplicative Arguments:** While supporting the Plaintiff's challenge, the EIA brief focuses specifically on the unlawful elimination of the *de minimis* exception for goods imported from China and the devastating effects this action has on U.S. ecommerce businesses and consumers. The brief provides detailed arguments regarding the Government's failure to comply with APA notice-and-comment rulemaking required by 19 U.S.C. § 1321(b), emphasizing the reliance interests of ecommerce businesses on the *de minimis* policy and the unrecoverable losses they face. These are central issues for EIA's members and distinct in their scope and emphasis from the Plaintiff's main arguments.

- **Aid the Court:** The EIA brief highlights the critical administrative law implications of the challenged action, specifically the Government's failure to follow the rulemaking process mandated by 19 U.S.C. § 1321(b) and the APA. It underscores the significant public interest in the case's outcome, including the impact on consumer welfare (estimated at billions annually) and the protection of U.S. small businesses and jobs (predicted job losses of between 97,000 and 136,000). These points are highly relevant to the Court's consideration of the legality of the *de minimis* elimination and the appropriateness of injunctive relief.

For these reasons, the EIA respectfully submits that its proposed brief will provide valuable context and arguments to the Court regarding the economic impacts and the critical administrative law issues specific to the elimination of the de minimis exception.

## CONCLUSION

For these reasons, proposed *amicus curiae* Ecommerce Innovation Alliance respectfully requests that the Court grant leave to file the attached amicus brief.

May 30, 2025                                                                 Respectfully submitted,


                                                             */s/ James K. Kearney*
James K. Kearney
(Member of the Bar of this Court)
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street
Suite 1500
Tysons, VA 22102
(703) 394-2214
james.kearney@wbd-us.com

*Counsel for Amicus Curiae*
*Ecommerce Innovation Alliance*

G. David Carter, Esq.
Ecommerce Innovation Alliance
303 W. Broad Street
Richmond, VA 22320
david@ecomm-alliance.org

*Of Counsel for Amicus Curiae*
*Ecommerce Innovation Alliance*

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AXLE OF DEARBORN, INC. d/b/a DETROIT AXLE,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF COMMERCE, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-00091 |

**ORDER**

Upon consideration of the motion of proposed *amicus curiae* Ecommerce Innovation Alliance for leave to file a Brief of *Amicus Curiae* Ecommerce Innovation Alliance in support of Plaintiffs, it is hereby:

**ORDERED** that the motion is granted; and it is further

**ORDERED** that the proposed Brief of Amicus Curiae Ecommerce Innovation Alliance in Support of Plaintiffs is accepted for filing; and it is further

**ORDERED** that the movant be permitted to participate in these proceedings as *amicus curiae*.

Dated: _____, 2025    _____
New York, NY                                              Judge