UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE
THE HONORABLE TIMOTHY M. REIF, JUDGE
THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF COMMERCE; ) <br> HOWARD LUTNICK, in his official capacity as Secretary ) <br> of Commerce; DEPARTMENT OF HOMELAND ) <br> SECURITY; KRISTI NOEM, in her official capacity as ) <br> Secretary of Homeland Security; DEPARTMENT OF THE ) <br> TREASURY; SCOTT BESSENT, in his official capacity ) <br> as Secretary of the Treasury; UNITED STATES ) <br> CUSTOMS AND BORDER PROTECTION; PETE R. ) <br> FLORES, in his official capacity as Acting Commissioner ) <br> for U.S. Customs and Border Protection; and the ) <br> UNITED STATES, ) <br> ) <br> Defendants. ) <br> ) | Court No. 25-cv-00091 |

## ORDER

Upon consideration of defendants' motion to stay proceedings, plaintiff's response thereto, and upon consideration of all other papers, it is hereby

ORDERED that defendants' motion to stay proceedings is GRANTED; and it is further

ORDERED that the case is STAYED until a final decision is rendered resolving the motions for a stay of the judgment pending appeal filed in *V.O.S. Selections, Inc. et al. v. United States et al.*, No. 25-66 (Ct. Int'l Trade), Appeal No. 25-1812 (Fed. Cir.), and in *The State of Oregon et al. v. United States Department of Homeland Security et al.*, No. 25-77 (Ct. Int'l Trade), Appeal No. 25-1813 (Fed. Cir.); and it is further

ORDERED that the parties are directed to file a joint status report, proposing a schedule for further proceedings in this case, within 15 days of the final decision that will resolve the request for a stay of the judgment pending appeal identified for the *V.O.S./Oregon* actions.

Dated:_____                                   _____
      New York, New York                                                                    JUDGES

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE GARY S. KATZMANN, JUDGE
           THE HONORABLE TIMOTHY M. REIF, JUDGE
           THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF COMMERCE; )<br>HOWARD LUTNICK, in his official capacity as Secretary )<br>of Commerce; DEPARTMENT OF HOMELAND )<br>SECURITY; KRISTI NOEM, in her official capacity as )<br>Secretary of Homeland Security; DEPARTMENT OF THE )<br>TREASURY; SCOTT BESSENT, in his official capacity )<br>as Secretary of the Treasury; UNITED STATES )<br>CUSTOMS AND BORDER PROTECTION; PETE R. )<br>FLORES, in his official capacity as Acting Commissioner )<br>for U.S. Customs and Border Protection; and the )<br>UNITED STATES, )<br>)<br>Defendants. )<br>) | Court No. 25-cv-00091 |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Pursuant to Rules 1, 6 and 7 of the Rules of the United States Court of International Trade (USCIT R.), defendants respectfully request that the Court enter a stay of proceedings in this case pending a final decision that resolves the motions for a stay of the enforcement of the judgment pending appeal, filed in *V.O.S. Selections, Inc. et al. v. United States et al.*, No. 25-66 (Ct. Int'l Trade), Appeal No. 25-1812 (Fed. Cir.), and in *The State of Oregon et al. v. United States Department of Homeland Security et al.*, No. 25-77 (Ct. Int'l Trade), Appeal No. 25-1813 (Fed. Cir.).

Defendants also respectfully request that the Court suspend further proceedings in this case, including the deadline to respond to plaintiff's pending motion for preliminary injunction and partial summary judgment, pending resolution of this motion to stay. If this motion for a stay is denied, the Government respectfully requests that its response to plaintiff's motion be due 10 days from the date of the denial.

Plaintiff objects to our requests. Specifically, on May 29, 2025, the undersigned counsel for the Government contacted plaintiff's counsel regarding our requests. On May 29, 2025, Nick Harper indicated that plaintiff will oppose our motion.

## BACKGROUND

Plaintiff, Axle of Dearborn, Inc. D/B/A Detroit Axle (Axle) challenges the legality of Executive Orders (EO) 14194, 14195, 14200, 14228, and 14256, each of which invokes the International Emergency Economic Power Act (IEEPA). Briefly, EO 14194 and 14195, both issued on February 1, 2025, imposed tariffs under IEEPA—a 10 percent *ad valorem* rate of duty on goods from the People's Republic of China (PRC), and a 25 percent *ad valorem* duty on goods from Mexico. The same orders stated that, as of February 4, 2025, "duty-free *de minimis* treatment under 19 U.S.C. [§] 1321 shall not be available for the articles described in subsection (a) of this section," to wit, products of Mexico and the PRC subject to the tariffs imposed by the respective EOs.

On February 3, 2025, EO 14198 paused the effective date of the tariffs imposed by EO 14194 until March 4, 2025. And on February 5, 2025, EO 14200 amended EO 14195 regarding duty-free *de minimis* treatment of goods of the PRC, permitting *de minimis* treatment for qualifying shipments until the Secretary of Commerce notified the President "that adequate systems are in place to fully and expediently process and collect tariff revenue applicable

2

pursuant to subsection (a) of this section [i.e., section 2(a) of EO 14195] for covered articles otherwise eligible for *de minimis* treatment." Similarly, on March 2, 2025, EO 14227 further amended EOs 14194, as amended by EO 14198, regarding duty-free *de minimis* treatment of goods of Mexico, permitting *de minimis* treatment for qualifying shipments until notification that described adequate systems were in place.

On March 3, 2025, EO 14228 amended EO 14195 to increase the additional rate of duty on covered goods of the PRC from the original 10 to 20 percent *ad valorem*. And on April 2, 2025, EO 14256, among other things, ordered that for goods entered as of May 2, 2025, "duty-free *de minimis* treatment under 19 U.S.C. [§] 1321(a)(2)(C) shall no longer be available for products of the PRC (which include products of Hong Kong) described in section 2(a) of Executive Order 14195, as amended by Executive Order 14228," after the Secretary of Commerce notified the President that adequate systems were in place to process and collect tariff revenue for such goods.

On May 16, 2025, Axle filed a complaint in this Court asserting four counts. Compl., ECF No. 2. In Counts I and II, respectively, Axle alleges that the President lacked statutory and constitutional authority to eliminate the *de minimis* exception provided in 19 U.S.C. § 1321(a)(2)(C) through EO 14195, as amended by EOs 14200 and 14256, and that agency actions to implement the President's directive in this regard are arbitrary and capricious in violation of the Administrative Procedure Act. In Counts III and IV, respectively, Axle alleges that the IEEPA tariffs applicable to Axle's imported merchandise are unlawful, and that agency actions implementing the IEEPA tariffs are arbitrary and capricious.

On May 21, 2025, Axle moved for a preliminary injunction and partial summary judgment with respect to Counts I and II of its complaint; specifically, to vacate and declare

3

unlawful EOs 14194, 14195, 14200, and 14256 "insofar as those Orders purport to eliminate, or take steps to eliminate, the de minimis exemption provided by 19 U.S.C. § 1321(a)(2)(C)." ECF No. 9-2.

On May 28, 2025, this Court issued a single opinion in *V.O.S. Selections, Inc. et al. v. United States et al.*, No. 25-66 (Ct. Int'l Trade) (*V.O.S. I*) and in *The State of Oregon et al. v. United States Department of Homeland Security et al.*, No. 25-77 (Ct. Int'l Trade) (*Oregon I*), in which it declared invalid and permanently enjoined EOs 14194, 14195, and all modifications and amendments thereto. Among the "Trafficking Tariffs" enjoined by the Court were EOs 14227 and 14200, which "implemented duty-free de minimis treatment for otherwise eligible covered articles." Slip Op. 25-66 at p. 13. The Court also enjoined EO 14256, wherein the "President later removed this duty-free de minimis treatment for Chinese products." *Id*. The Court stated that "[t]here is no question here of narrowly tailored relief" because the challenged orders "are unlawful as to all." The Court entered judgment accordingly. On the same day, the Government filed a notice of appeal and moved to stay enforcement of the judgment pending appeal.

On May 29, 2025, defendants filed a motion to stay enforcement of the judgment in this Court. We also filed an emergency motion for a stay pending appeal and for an immediate administrative stay in *V.O.S. Selections, Inc. v. Trump*, No. 25-1812 (Fed. Cir.) (*V.O.S. II*), and in *State of Oregon v. Trump*, No. 25-1813 (Fed. Cir.) (*Oregon II*). On May 29, 2025, the United States Court of Appeals for the Federal Circuit (Federal Circuit) issued an *en banc* order consolidating the two cases; granted defendants' emergency motion "to the extent that the judgments and the permanent injunctions entered by the Court of International Trade in these cases are temporarily stayed until further notice while this court considers the motions papers"; and issued a scheduling order on the emergency motion, requiring plaintiffs-appellees to respond

to the Government's emergency motion no later than June 5, 2025, and the Government to reply by no later than June 9, 2025.

## ARGUMENT

This case should be stayed pending this Court's and the Federal Circuit's resolution of our motions to stay the injunction in *V.O.S.* and *Oregon*. The Executive Orders at issue in this case are the same orders at issue in *V.O.S.* and *Oregon*, so the existence or scope of an injunction pending those appeals affects this case. A trial court possesses inherent power to stay one action pending the resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis v. N. Am. Co.*, 299 U.S. 248, 253-54 (1936). Although the Court may weigh a variety of factors when considering whether to grant a stay, the basis for a stay is especially strong when it would "simplif[y] the 'issues, proof, and questions of law, which could be expected to result from a stay.'" *Unionbancal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In particular, when an appellate ruling on a legal issue is likely to have binding effect in another pending case, the reason for a stay is "at least a good one, if not an excellent one." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist*, 559 F.3d 1191, 1196 (11th Cir. 2009).

Decisions concerning when and how to stay a case rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F. 3d 1413, 1416 (Fed. Cir. 1997) (citations omitted); *Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 154 (Ct. Int'l Trade 2013) ("A stay is granted at the court's discretion and must take into consideration the interests of judicial economy and efficiency") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936)). In exercising that discretion, the court must "weigh competing interests and maintain an

5

even balance." *Landis*, 299 U.S. at 254–55; *see also Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333–34 (Ct. Int'l Trade 2013) (listing U.S. Court of International Trade decisions evaluating motions to stay).

Here, a stay is warranted because the Government has filed an emergency motion to stay the Court's judgment and has also filed a notice of appeal of the Court's decision of those cases. This Court and the Federal Circuit are moving quickly to resolve the Government's stay motions. Because those forthcoming decisions will affect the parties' briefing and the Court's decision on whether to grant any relief in this case, efficiency for the parties and the Court counsels a pause in briefing in this case until this Court and the Federal Circuit have ruled on whether to stay the Court's judgment pending appeal. *See Landis*, 299 U.S. at 253-54. For example, EO 14195 "and all modifications and amendments thereto" that were revoked in *V.O.S I* and *Oregon I* include the order to eliminate *de minimis* treatment for covered products of China, so a decision on the Government's emergency motion will, at the very least, clarify the breadth of this Court's injunction. Accordingly, a stay of this matter will promote judicial economy and conserve party and judicial resources.

Moreover, the limited stay that we request will not result in injury to Axle. Axle has moved for a preliminary injunction and partial summary judgment only on the first two counts of its complaint. But Axle did not challenge EO 14256 after it was issued on April 2, 2025, nor upon its effective date of May 2, 2025. Rather, Axle waited until May 16, 2025 to challenge the EOs at issue, and did not seek to enjoin the Government from implementing the challenged EOs until May 21, 2025. Axle is thus hard-pressed to argue that it is suffering actual and immediate hardship when it neglected to swiftly challenge the EOs in question. S*ee, e.g., Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (A "long delay before seeking a

preliminary injunction implies a lack of urgency and irreparable harm.") (citation omitted).  In any event, were Axle to ultimately prevail, it could receive a refund of duties paid that would otherwise be eligible for duty-free treatment under the *de minimis* exemption on any unliquidated entries.  28 U.S.C. §§ 2643-44.  To the extent any future entries are liquidated, the Court may order reliquidation of entries subject to the challenged *de minimis* exemption if the duties paid by Axle are, in a final and unappealable decision, found to have been unlawfully collected.  Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest.  *Id*.

Additionally, a stay pending appeal would not be "immoderate in extent" because the Federal Circuit has already issued an expedited schedule for defendants' emergency motion to stay, which requires briefing be completed by June 9, 2025.  *See Landis*, 299 U.S. at 255-56.  Given the national significance of the Court's decision in *V.O.S. I* and *Oregon I*, we anticipate that disposition time to be expeditious following conclusion of the briefing.

A stay under these circumstances is not unusual.  *See*, *e.g.*, *Diamond Sawblades Mfrs' Coal. v. United States*, 34 CIT 404, 407 (Ct. Int'l Trade 2010) (continuing a stay of proceedings where "the court and each of the litigants . . . risk expending substantial resources on litigation that may ultimately prove to be irrelevant"); *RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1284–85 (Ct. Int'l Trade 2011) (granting stay pending resolution of important question of law before the Federal Circuit, noting "the delay will not continue for an indefinite period" and stay will "promote judicial economy and preserve the resources of the parties and the court"); *NTN Bearing Corp. of Am. v. United States*, 36 CIT 846, 848 (Ct. Int'l Trade 2012) (granting stay pending litigation before the Federal Circuit that is "likely to affect the disposition of plaintiffs' claim," finding stay will "serve the interest of judicial economy and conserve the

resources of the parties"); *Deacero S.A.P.I. de C.V. v. United States*, 2015 WL 4909618, at *4, *9 (Ct. Int'l Trade 2015) (granting stay because it "promotes judicial economy" and the case "will not go forward if the Federal Circuit affirms").

If the Court grants this motion, the Government respectfully proposes that the parties file a joint status report, proposing a schedule for further proceedings in this case, within 15 days of the final decision that will resolve the request for a stay of the judgment pending appeal identified for the *V.O.S./Oregon* actions.

The Government also respectfully requests that the Court suspend further proceedings in this case, including the Government's deadline to respond to plaintiff's pending motion for preliminary injunction and partial summary judgment, pending its resolution of this motion to stay. If this motion to stay is denied, the Government respectfully requests that its response to plaintiff's motion be due 10 days from the date of the denial.

8

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
| By: | /s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
|  | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
|  | /s/ Liridona Sinani<br>LIRIDONA SINANI<br>ALEXANDER VANDERWEIDE<br>Senior Trial Counsel<br>U.S. Department of Justice<br>Civil Division - Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 353-2188<br>Fax : (202) 307-0972 |

Dated: May 30, 2025