IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF COMMERCE; HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, *in his official capacity as Acting Commissioner for U.S. Customs and Border Protection*; and the UNITED STATES,<br><br>*Defendants.* | Case No. 1:25-cv-00091 |

**DETROIT AXLE'S EMERGENCY MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SETTING A BRIEFING SCHEDULE**

Detroit Axle respectfully requests that the Court reconsider on an emergency basis its June 5, 2025 minute order setting a briefing schedule on Detroit Axle's motion for a preliminary injunction and in the alternative partial summary judgment. Detroit Axle's situation is dire; it will likely be forced to shutter most or all of its business and lay off hundreds of employees if it does not receive relief by the end of June. And every day that passes without relief brings new irreparable harm to the company in the form of lost business opportunities, customer goodwill, and reputation. Detroit Axle's urgent need for relief means that this Court's scheduling order—which extends briefing into July, giving the government more time to respond than the government itself

1

had requested—effectively grants victory to the government and denies Detroit Axle the relief it seeks through its preliminary injunction motion without considering the merits. Detroit Axle therefore respectfully requests that the Court order that the government respond to Detroit Axle's pending motion for a preliminary injunction and partial summary judgment no later than June 16 (which would give the government all the time it requested in its stay motion); that Detroit Axle respond by June 20; and that the Court schedule a hearing as soon as possible thereafter. This schedule will not cause the government any prejudice and would preserve Detroit Axle's ability to obtain meaningful relief. The government opposes this motion.

Detroit Axle has demonstrated—and the government has not disputed—its need for urgent relief. As a result of the government's unlawful revocation of the de minimis exemption, Detroit Axle must pay a crippling 72.5% tariff on goods that it ships from its Mexico facility to consumers in the United States. Such shipments previously were (and should be) completely duty-free because of the de minimis exemption. While Detroit Axle has temporarily kept its business afloat by fulfilling orders from pre-tariff inventory in its Michigan facilities, those supplies are running very low and will be depleted by the end of June. When that happens, Detroit Axle's business model will cease to make sense: The company cannot absorb the massively increased costs from the 72.5% tariffs and cannot meaningfully raise prices on its cost-conscious customers. So by the end of June, Detroit Axle will likely be forced to close its doors and lay off hundreds of employees in Michigan. *See* ECF 9 at 25-29.

Detroit Axle timely sought relief to protect its business and employees. The revocation of the de minimis exemption did not go into effect until May 2. *See* Exec. Order 14256, § 2(a), 90 Fed. Reg. 14,899, 14,899 (Apr. 2, 2025). Detroit Axle filed its complaint two weeks later, on May 16. ECF 2. On May 21, Detroit Axle filed its motion for a preliminary injunction and partial

summary judgment as to Counts I and II—which relate to the unlawful elimination of the de minimis exemption—to ensure that the company could survive in the short term. *See* ECF 9. At the same time, Detroit Axle filed a motion for expedited briefing and hearing. ECF 10. Detroit Axle thus has moved with dispatch in initiating and litigating this action to try to save its business from destruction.

On the other side of the ledger, the government cannot claim any prejudice if it is required to respond by June 16. When Detroit Axle filed its motion for expedited briefing and hearing on May 21, the government consented to briefing this case on an expedited schedule: It agreed to respond two weeks later, on June 4, with Detroit Axle's reply due on June 9. *See* ECF 10 at 1. But following the Court's entry of judgement in *V.O.S.* and *Oregon*, the government changed its tune and sought to stay this case. *See* ECF 13. It also requested that, in the event its stay motion was denied, its response "be due 10 days from the date of the denial." *Id.* at 8. On June 5, this Court denied the government's request for a stay and ordered the government to respond on the merits by June 20 (15 days later), with Detroit Axle's response due on July 7. *See* ECF 17. That schedule gives the government 5 more days than it requested in its stay motion (10 days from the date of denial), 9 more days than the government would have been entitled to under CIT Rule 7(d) (*i.e.*, June 11, three weeks after Detroit Axle's motion), and 16 more days than the government originally agreed to (June 4). Conversely, Detroit Axle now asks this Court to order the government to respond by June 16, giving the government all the time it asked for if its stay motion were denied (plus a day, since 10 days would fall on a Sunday). The government can claim no prejudice from getting what it asked for.

Finally, the *V.O.S.* and *Oregon* cases do not justify delaying relief for Detroit Axle. Detroit Axle filed this case and sought prompt preliminary injunctive relief after those cases were filed

3

and before they were decided by this Court precisely because Detroit Axle is raising independent grounds for relief. Detroit Axle's primary arguments against the revocation of the de minimis exemption are that the revocation exceeds the government's statutory authority under 19 U.S.C. § 1321 and is arbitrary and capricious. Those arguments were neither raised nor addressed in *V.O.S.* and *Oregon*. Thus, Detroit Axle's challenge to the elimination of the de minimis exemption does not necessarily rise or fall with *V.O.S.* and *Oregon*, and granting Detroit Axle prompt injunctive relief would not necessarily result in the Federal Circuit (or the Supreme Court) subjecting this case to any stay it may have issued in *V.O.S.* and *Oregon*.

Detroit Axle therefore respectfully requests that the Court order the government to respond by June 16 to Detroit Axle's motion for a preliminary injunction and partial summary judgment, and require Detroit Axle to reply by June 20. Detroit Axle also respectfully requests a hearing as soon as possible—for instance, the week of June 23. Any further delay would be unnecessary and deprive Detroit Axle of a meaningful day in court.

June 6, 2025

Respectfully submitted,

*/s/ Thomas H. Dupree Jr.*

Thomas H. Dupree Jr.
Samantha Sewall
Nick Harper
Connor P. Mui
Luke J.P. Wearden
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
TDupree@gibsondunn.com
SSewall@gibsondunn.com
NHarper@gibsondunn.com
CMui@gibsondunn.com
LWearden@gibsondunn.com

*Counsel for Plaintiff Detroit Axle*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

Pursuant to CIT Standard Chambers Procedure 2(B), I certify that this brief, including headings, footnotes, and quotations (but excluding signature blocks and this certificate) contains 1,025 words.

/s/ *Thomas H. Dupree Jr.*

*Counsel for Plaintiff Detroit Axle*