UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE GARY S. KATZMANN, JUDGE
           THE HONORABLE TIMOTHY M. REIF, JUDGE
           THE HONORABLE JANE A. RESTANI, JUDGE

_____

|  |  |  |
|---|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 25-cv-00091 |
| | ) | |
| DEPARTMENT OF COMMERCE; | ) | |
| HOWARD LUTNICK, in his official capacity as Secretary | ) | |
| of Commerce;DEPARTMENT OF HOMELAND | ) | |
| SECURITY; KRISTI NOEM, in her officialcapacity as | ) | |
| Secretary of Homeland Security; DEPARTMENT OF THE | ) | |
| TREASURY; SCOTT BESSENT, in his official capacity | ) | |
| as Secretary of the Treasury; UNITED STATES | ) | |
| CUSTOMS AND BORDER PROTECTION; PETE R. | ) | |
| FLORES, in his official capacity as Acting Commissioner | ) | |
| for U.S. Customs and Border Protection; and the | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## **ORDER**

Upon consideration of plaintiff's emergency motion for reconsideration of the Court's

order setting a briefing schedule, defendant's response thereto, and upon consideration of all

other papers, it is hereby

ORDERED that plaintiff' motion is DENIED.


Dated:_____                _____
      New York, New York                     JUDGES

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE GARY S. KATZMANN, JUDGE
           THE HONORABLE TIMOTHY M. REIF, JUDGE
           THE HONORABLE JANE A. RESTANI, JUDGE

_____
                                                    )
AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,          )
                                                    )
                  Plaintiff,                        )
                                                    )
            v.                                      )       Court No. 25-cv-00091
                                                    )
DEPARTMENT OF COMMERCE;                             )
HOWARD LUTNICK, in his official capacity as Secretary )
of Commerce;DEPARTMENT OF HOMELAND                  )
SECURITY; KRISTI NOEM, in her officialcapacity as   )
Secretary of Homeland Security; DEPARTMENT OF THE   )
TREASURY; SCOTT BESSENT, in his official capacity   )
as Secretary of the Treasury; UNITED STATES         )
CUSTOMS AND BORDER PROTECTION; PETE R.              )
FLORES, in his official capacity as Acting Commissioner )
for U.S. Customs and Border Protection; and the     )
UNITED STATES,                                      )
                                                    )
                  Defendants.                       )
_____    )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## EMERGENCY MOTION FOR RECONSIDERATION
## OF THE COURT'S ORDER SETTING A BREIFING SCEHDULE

Pursuant to Rule 7(d) of the Rules of the United States Court of International Trade

(USCIT R.), defendants respectfully file this response in opposition to plaintiff's emergency

motion for reconsideration of the Court's order setting a briefing schedule, ECF No. 18.

The Court has discretion to "reconsider a prior, non-final decision pursuant to its plenary

power, which is recognized by [USCIT R.] 54(b)." *ABB Inc. v. United States*, 375 F. Supp. 3d

1348, 1351 (Ct. Int'l Trade 2019) (quoting *Beijing Tianhai Indus. Co. v. United States*, 234 F.

Supp. 3d 1322, 1329 (Ct. Int'l Trade 2017)).  The Court may exercise that discretion when

"justice requires, meaning when the court determines that reconsideration is necessary under the relevant circumstances." *Irwin Indus. Tool Co. v. United States*, 269 F. Supp. 3d 1294, 1301 (Ct. Int'l Trade 2017), *aff'd*, 920 F.3d 1356 (Fed. Cir. 2019) (internal quotation marks omitted). A motion for reconsideration is not, however, an opportunity for a party to re-litigate an issue "or present arguments it previously raised." *Totes-Isotoner Corp. v. United States*, 32 CIT 1172, 1173 (2008).

Plaintiff's motion should be denied because it has presented no new information that warrants a revision to the recent schedule directed by the Court. First, plaintiff argues that the Court should reconsider its decision because plaintiff "will likely be forced to shutter most or all of its business and lay off hundreds of employees if it does not receive relief by the end of June." ECF No. 18 at 1. In support of this claim, however, plaintiff repeats the same assertions and arguments that it made when it opposed our motion to stay proceedings in this case. *Compare* ECF No. 18 at 2-3 *with* ECF No. 14 at 2-3. Moreover, as discussed in our motion to stay, ECF No. 13, plaintiff is hard-pressed to argue that it is suffering actual and immediate hardship when it neglected to swiftly challenge the executive orders in question. *See, e.g., Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.") (citation omitted).

Second, plaintiff argues that the court's scheduling order "effectively grants victory to the government," ECF No. 18 at 2, which is the same argument it made in its opposition to our motion to stay, ECF No. 14 at 2 ("The government should not be allowed to renege on its agreement and effectively win the case through delay."). Not so. The controversy presented in this action is far from settled, and should plaintiff ultimately prevail, it could receive a refund of

duties paid, plus interest, that would otherwise be eligible for duty-free treatment under the *de minimis* exemption on unliquidated or liquidated entries.  28 U.S.C. §§ 2643-44.

Third, plaintiff contends that the defendants have not disputed plaintiff's "need for urgent relief"—purportedly on the basis that we initially agreed to a proposed briefing schedule, ECF No. 18 at 3—an argument it also presented in its opposition to our motion to stay, ECF No. 14 at 3.  To be clear, defendants *do* dispute that there is a "need for urgent relief," as evidenced by our filing of a motion to stay proceedings in this case.  And the proposal of a stay, after we initially agreed to a proposed briefing schedule, was reasonable based on the intervening decisions by this Court and the United States Court of Appeals for the Federal Circuit in *V.O.S. Selections, Inc. et al. v. United States et al.*, No. 25-66 (Ct. Int'l Trade), Appeal No. 25-1812 (Fed. Cir.), and in *The State of Oregon et al. v. United States Department of Homeland Security et al.*, No. 25-77 (Ct. Int'l Trade), Appeal No. 25-1813 (Fed. Cir.).  *See* ECF No. 13 at 6 (discussing the decisions).  As we explained in our motion to stay, we anticipate that the forthcoming decisions in *V.O.S.* and *Oregon* may affect the parties' briefing and the Court's decision on whether to grant any relief in this case.

Finally, plaintiff avers that the Court provided defendants more time than we requested to respond to plaintiff's motion for preliminary injunction and partial summary judgment.  ECF No. 18 at 1-2.  To be clear, defendants prefer (1) a complete stay of proceedings in this case pending a final decision that resolves the motions for a stay of the enforcement of the judgment pending appeal filed in *V.O.S.* and *Oregon*, and (2) that the parties file a joint status report, proposing a schedule for further proceedings in this case, within 15 days of such final decision.  ECF No. 13 at 3, 10.  Before the Federal Circuit, plaintiffs-appellees in *V.O.S.* and *Oregon* have already filed their responses to defendants-appellant's motion for a stay of the enforcement of the judgment,

3

and defendants-appellants' reply is due on June 9, 2025. This Court's June 5, 2025 scheduling order in this case, ECF No. 17, is reasonable in light of the Federal Circuit's consideration of this Court's recent decision regarding the President's use of International Emergency Economic Powers Act to impose and modify tariffs, and because an expedited decision on the relief that plaintiff seeks is not warranted at this time. And, again, the forthcoming decisions in *V.O.S.* and *Oregon* will likely affect the parties' briefing and the Court's decision on whether to grant any relief in this case. Pursuant to USCIT R. 1, efficiency for the parties and the Court also counsels denying plaintiff's motion for reconsideration.

For these reasons, the Court should deny plaintiff's motion for reconsideration.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:      /s/ Justin R. Miller
         JUSTIN R. MILLER
         Attorney-In-Charge
         International Trade Field Office

         /s/ Liridona Sinani
         LIRIDONA SINANI
         ALEXANDER VANDERWEIDE
         Senior Trial Counsel
         U.S. Department of Justice
         Civil Division - Commercial Litigation Branch
         P.O. Box 480
         Ben Franklin Station
         Washington, D.C.  20044
         Tel: (202) 353-2188
         Fax : (202) 307-0972

Dated: June 6, 2025