UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE GARY S. KATZMANN, JUDGE
          THE HONORABLE TIMOTHY M. REIF, JUDGE
          THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF COMMERCE; ) <br> HOWARD LUTNICK, in his official capacity as Secretary ) <br> of Commerce; DEPARTMENT OF HOMELAND ) <br> SECURITY; KRISTI NOEM, in her official capacity as ) <br> Secretary of Homeland Security; DEPARTMENT OF THE ) <br> TREASURY; SCOTT BESSENT, in his official capacity ) <br> as Secretary of the Treasury; UNITED STATES ) <br> CUSTOMS AND BORDER PROTECTION; PETE R. ) <br> FLORES, in his official capacity as Acting Commissioner ) <br> for U.S. Customs and Border Protection; and the ) <br> UNITED STATES, ) <br> ) <br> Defendants. ) <br> ) | Court No. 25-cv 00091 |

**STIPULATED PROTECTIVE ORDER**

Plaintiff and defendants, by their respective counsel, do hereby jointly stipulate and agree to this protective order (Protective Order), subject to approval of this Court, and pursuant to the provisions of Administrative Order 02-01 concerning the handling, safeguarding, and disposal of Confidential Information, restricting the disclosure of Confidential Information, produced in connection with this action.

1.   For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of

the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

    2.    Counsel shall be permitted to have access to and retain for the duration of this litigation (including any remand and appeals therefrom) all materials released under this Protective Order.

    3.    Except as otherwise provided for in this Protective Order, counsel shall not disclose the Confidential Information to anyone other than to personnel actively assisting in this litigation. This includes, but is not limited to, paralegals and support staff who are employees of counsel's law firm, in-house counsel and other personnel employed by counsel's client who are actively assisting in this litigation, and experts and consultants who are assisting counsel in this litigation.

    4.    Except as otherwise provided in this Protective Order, all persons subject to this Protective Order shall neither disclose any of the Confidential Information nor use it for purposes other than the conduct of this litigation. The term "this litigation" when used in this Protective Order shall refer to the above-referenced action, and any remand proceedings ordered by the Court in this action, as well as any subsequent appeal of this action.

5. In no event shall disclosure of the Confidential Information covered by this Protective Order be made to anyone (including any officer, director, shareholder, or employee of the client or any other interested party) other than counsel named in this Protective Order and other persons subject to the Protective Order pursuant to paragraphs 2 and 3 above.

6. Nothing in this Protective Order shall be interpreted as limiting the right of counsel to disclose to their client (or for the United States, to entities within the United States government) information which was originally submitted by that client, whether the information appears in a submission of the client or in a submission of a party other than the client (provided that, in the latter case, all confidential information of a party other than the client has been redacted from the document prior to inspection by the client).

7. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party or that of the party's affiliate (including the information of the plaintiff's importer), when it files such information without redaction and not under seal. This provision applies to any information disclosed in a public filing made before this Protective Order was issued, including but not limited to the complaint in this action.

8. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject

to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

9. Nothing in this Protective Order shall prevent a party, or the party's attorney, from using or disclosing the party's own proprietary, business, financial, technical, trade secret, or commercially sensitive information or that of the party's affiliate (including the information of the plaintiff's importer).

10. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

11. Counsel shall endeavor to avoid the use of Confidential Information in any oral proceeding before this court, including oral argument. If any counsel find it necessary to refer to Confidential Information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent, and shall propose whatever mechanism may be available and appropriate to prevent disclosure of Confidential Information to persons other than those authorized by this Protective Order.

12. Any documents, including briefs and memoranda, containing any of the Confidential Information, which are filed with the Court in any of the above-referenced actions, shall be conspicuously marked as containing "Confidential Information" that is not to be disclosed to the public, and arrangements shall be made with the Clerk of this

Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and counsel for the parties, to the extent they have obtained access to the information involved under Protective Order.

13. Upon final conclusion of this litigation, including such appellate review as may occur, documents designated as confidential and all copies of same (other than exhibits of record) will be destroyed by the receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned to the producing party at their request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

14. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

15. If a dispute arises concerning the designation of any Confidential Information, the parties agree that they shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

16. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for an *in camera* determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure. The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond. Material designated as

Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

*Stipulated Judicial Protective Order - Case No. 25-cv 00091 (cont.):*

                      ATTORNEYS FOR PLAINTIFF:

By:    */s/ Thomas H. Dupree Jr.*
        Thomas H. Dupree Jr.
        Samantha Sewall
        Nick Harper
        Connor P. Mui
        Luke J.P. Wearden
        GIBSON, DUNN & CRUTCHER LLP
        1700 M Street, N.W.
        Washington, D.C. 20036-4504
        (202) 955-8500
        TDupree@gibsondunn.com
        SSewall@gibsondunn.com
        NHarper@gibsondunn.com
        CMui@gibsondunn.com
        LWearden@gibsondunn.com
        Counsel for Plaintiff Detroit Axle

*Stipulated Judicial Protective Order - Case No. 25-cv 00091 (cont.):*

                ATTORNEYS FOR THE DEFENDANT:

                BRETT A. SHUMATE
                Assistant Attorney General

                ERIC J. HAMILTON
                Deputy Assistant Attorney General

                PATRICIA M. McCARTHY
                Director

By:    <u>/s/ Justin R. Miller</u>
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        <u>/s/ Liridona Sinani</u>
        LIRIDONA SINANI
        ALEXANDER VANDERWEIDE
        Senior Trial Counsel
        U.S. Department of Justice
        Civil Division - Commercial Litigation Branch
        P.O. Box 480
        Ben Franklin Station
        Washington, D.C.  20044
        Tel: (202) 353-2188
        Fax : (202) 307-0972

SO ORDERED: _____    Dated: _____
                      JUDGE