Slip Op. 25-96

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A/ DETROIT AXLE,<br><br>      **Plaintiff,**<br><br>      v.<br><br>DEPARTMENT OF COMMERCE; HOWARD LUTNICK in his official capacity as Secretary of Commerce; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM in her official capacity as Secretary of Homeland Security; DEPARTMENT OF THE TREASURY; SCOTT BESSENT in his official capacity as Secretary of the Treasury; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT in his official capacity as Commissioner for U.S. Customs and Border Protection; and the UNITED STATES,<br><br>      **Defendants.** | Before: Gary S. Katzmann, Judge<br>Timothy M. Reif, Judge<br>Jane A. Restani, Judge<br><br>Court No. 25-00091 |

## ORDER

[ The court denies Plaintiff's motion to for a preliminary injunction and stays the remainder of the case. ]

Dated: <u>July 28, 2025</u>

<u>Thomas H. Dupree, Jr.</u>, Gibson, Dunn & Crutcher, LLP, of Washington, D.C., argued for Plaintiff Axle of Dearborn, Inc. d/b/a/ Detroit Axle.  With him on the briefs were <u>Samantha Sewall</u>, <u>Connor P. Mui</u>, <u>Denis Nicholas Harper</u>, and <u>Luke J.P. Wearden</u>.

<u>Sarah E. Welch</u>, Counsel to the Assistant Attorney General, U.S. Department of Justice, of Washington, D.C. argued for Defendants Department of Commerce, Howard Lutnick in his official capacity as Secretary of Commerce, Department of Homeland Security, Kristi Noem in her official capacity as Secretary of Homeland Security, Department of the Treasury, Scott Bessent in his official capacity as Secretary of the Treasury, United States Customs and Border Protection, Rodney S. Scott in his official capacity as Commissioner for U.S. Customs and Border Protection, and the United States.  With her on the briefs were <u>Brett A. Shumate</u>, Assistant Attorney General,

Eric J. Hamilton, Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Justin R. Miller, Attorney-in-Charge, International Trade Field Office, Liridona Sinani, and Alexander Vanderweide, Senior Trial Counsels, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, of Washington, D.C.

Per Curiam: Before the court is Plaintiff Detroit Axle's ("Axle") motion for a preliminary injunction and expedited partial summary judgment challenging the President's rescission of the de minimis exemption for goods from China. Mot. for Prelim. Inj. and Expedited Partial Summ. J., May 21, 2025, ECF No. 9 ("Pl.'s Br."). Also before the court is Defendants' cross-motion for summary judgment. Defs.' Mot. to Dismiss Counts II and IV, Resp. in Opp'n to Pl.'s Mot. for Prelim. Inj. and Partial Summ. J., and Cross-Mot. for Summ. J., June 25, 2025, ECF No. 27 ("Gov't Br.").

## DISCUSSION

In V.O.S. Selections, Inc. v. United States, this court vacated and permanently enjoined the operation of the executive orders (the "Trafficking Orders") that purportedly deal with the threats posed by international cartels that "have engaged in a campaign of violence and terror throughout the Western Hemisphere that has not only destabilized countries with significant importance for our national interests but also flooded the United States with deadly drugs, violent criminals, and vicious gangs." Executive Order 14157, Designating Cartels and Other Organizations as Foreign Terrorist Organizations and Specially Designated Global Terrorists, 90 Fed. Reg. 8439, 8439 (Jan. 20, 2025); see also V.O.S. Selections, Inc. v. United States, 49 CIT __, __, 772 F. Supp. 3d 1350, 1383 (2025). The injunction this court issued in V.O.S. encompasses the Trafficking Orders implicating the de minimis exemption at issue here. The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") has stayed that injunction pending appeal. See V.O.S. Selections, Inc. v. Trump, Nos. 2025-1812, 2025-1813, 2025 WL 1649290 (Fed. Cir. June 10, 2025).

Though V.O.S. grants all the relief Axle seeks here, Axle brings the current action against Defendants the United States and certain agencies and officials (collectively, "the Government") to independently challenge the President's actions rescinding the de minimis exemption for goods from China. See Compl., May 16, 2025, ECF No. 2. This challenge would provide a separate basis upon which Axle could seek relief should the appellate courts come to a different result regarding the Trafficking Orders in V.O.S.

The only way that Axle's claim can succeed in any material sense is if that success falls outside the scope of the V.O.S. stay. If the V.O.S. stay applies, then any preliminary injunction we might issue would not confer a material benefit to Axle. As a result, Axle likely cannot gain anything by its action that was not provided by the injunction this court granted in V.O.S. that has now been stayed pending the disposition of the appeal.

In V.O.S. this court held that "[The International Emergency Economic Powers Act ("IEEPA")] does not authorize the Trafficking [Orders] for the separate reason that they do not satisfy the conditions that Congress imposed in 50 U.S.C. § 1701." 49 CIT at __, 772 F. Supp. 3d at 1376. That provision limits the President's powers under IEEPA where: (1) there is a "threat[] which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States," (2) that threat is "unusual and extraordinary," (3) a national emergency is declared with respect to that threat, and (4) the President's exercise of IEEPA authority "deal[s] with" that threat. 50 U.S.C. § 1701(a). The Trafficking Orders are ultra vires because they "do not 'deal with' their stated objectives," but instead "aim to create leverage to 'deal with' those objectives." V.O.S., 49 CIT at __, 772 F. Supp. 3d at 1381; see also Order Holding Mots. to Stay in Abeyance, June 3, 2025, ECF No. 63, V.O.S. Selections, Inc v. United States, Case No. 25-00066 (Ct. Int'l Trade) ("The injunction issued on account of Plaintiffs'

success on the merits and the unavailability under the Uniformity Clause of a complete legal remedy in the form of piecemeal duty refunds to specific plaintiffs. Intrinsic to this exercise of equitable discretion was the compelling public interest in 'ensuring that governmental bodies comply with the law,' and the lack of any cognizable hardship borne by the United States in the form of its non-enforcement of orders issued ultra vires." (quoting Am. Signature, Inc. v. United States, 598 F.3d 816, 830 (Fed. Cir. 2010))). Axle now argues that several of the Trafficking Orders—those that implicate the de minimis exemption—are separately ultra vires because "the Executive Branch has no authority to reduce the exemption below the $800 floor that Congress created, and (2) even if the Executive Branch could create exceptions that reduce the exemption below the $800 floor, it could do so only through notice-and-comment rulemaking." See Pl.'s Br. at 14 (emphasis removed).

Even assuming arguendo that Axle is suffering irreparable harm, it cannot succeed in obtaining the relief it seeks. This court has already granted, and the Federal Circuit subsequently stayed, all relief Axle requests. We will not grant redundant, contingent relief through a preliminary injunction here.

Because this court will not provide additional relief, Axle's motion for a preliminary injunction is **DENIED** and the case, including the Government's outstanding motions, is **STAYED** pending a final resolution of V.O.S. Selections, Inc. v. United States, 49 CIT __, __, 772 F. Supp. 3d 1350 (2025), appeal docketed, 2025-1812 (Fed. Cir.).

    SO ORDERED.

By the panel.

Dated: July 28, 2025
       New York, New York