# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF COMMERCE; HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, *in his official capacity as Acting Commissioner for U.S. Customs and Border Protection*; and the UNITED STATES,<br><br>*Defendants.* | Case No. 1:25-cv-00091 |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to CIT Rule 15(a)(2), Plaintiff Detroit Axle respectfully requests leave to amend its complaint, ECF 2. The proposed amended complaint, attached to this motion as Exhibit A, would add to the challenged executive orders the recently issued Executive Order 14324, which has eliminated the de minimis exemption worldwide effective August 29, 2025, and has superseded prior executive orders rescinding the de minimis exemption solely for Chinese imports. The proposed amended complaint also would challenge the new agency actions implementing Executive Order 14324. *See* Notice of Implementation of the President's Executive Order 14324, Suspending Duty-Free De Minimis Treatment for All Countries, 90 Fed. Reg. 42,417 (published Sept. 2, 2025); Customs & Border Prot., *E-Commerce Frequently Asked Questions – Executive Order*

*14324* (Aug. 28, 2025), https://tinyurl.com/4pvny752.  Finally, the amended complaint would update Detroit Axle's allegations to account for recent developments.

Leave to amend should be "freely give[n] when justice so requires."  CIT R. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1362 (Fed. Cir. 2019).  Here, justice requires that Detroit Axle be permitted to amend its complaint to incorporate a challenge to the executive order and agency actions that superseded the orders Detroit Axle initially challenged and are irreparably injuring Detroit Axle. *See, e.g.*, *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 9 (D.D.C. 2017) (permitting amendment to challenge superseding agency action).  Allowing amendment would serve the policy of Rule 15 to "provide maximum opportunity for each claim to be decided on the merits rather than procedural technicalities."  *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025) (quoting 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1471 (3d ed. 2010)).  And there is no "reason—such as undue delay, bad faith or a dilatory motive . . . [or] undue prejudice"—to deny Detroit Axle leave to amend.  *Foman*, 371 U.S. at 182.  Detroit Axle is seeking leave to amend less than a week after Executive Order 14324 went into effect and was implemented by the U.S. Customs and Border Protection.

The Court therefore should grant Detroit Axle leave to file the amended complaint, attached as Exhibit A to this motion.  The government has informed counsel for Detroit Axle that it opposes the motion for leave to amend.

September 5, 2025                              Respectfully submitted,

*/s/ Thomas H. Dupree Jr.*

Thomas H. Dupree Jr.
Samantha Sewall
Nick Harper
Connor P. Mui
Luke J.P. Wearden
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
TDupree@gibsondunn.com
SSewall@gibsondunn.com
NHarper@gibsondunn.com
CMui@gibsondunn.com
LWearden@gibsondunn.com

*Counsel for Plaintiff Detroit Axle*