UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE GARY S. KATZMANN, JUDGE
          THE HONORABLE TIMOTHY M. REIF, JUDGE
          THE HONORABLE JANE A. RESTANI, JUDGE

_____
                                                        )
AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,              )
                                                        )
        Plaintiff,                                      )
                                                        )
    v.                                                  )   Court No. 25-cv-00091
                                                        )
DEPARTMENT OF COMMERCE;                                 )
HOWARD LUTNICK, in his official capacity as Secretary   )
of Commerce; DEPARTMENT OF HOMELAND                     )
SECURITY; KRISTI NOEM, in her official capacity as      )
Secretary of Homeland Security; DEPARTMENT OF THE       )
TREASURY; SCOTT BESSENT, in his official capacity       )
as Secretary of the Treasury; UNITED STATES             )
CUSTOMS AND BORDER PROTECTION; PETE R.                  )
FLORES, in his official capacity as Acting Commissioner )
for U.S. Customs and Border Protection; and the         )
UNITED STATES,                                          )
                                                        )
        Defendants.                                     )
_____                  )

**ORDER**

Upon consideration of plaintiff's motion to dissolve the stay, defendants' response thereto, and upon consideration of all other papers, it is hereby

ORDERED that plaintiff's motion to dissolve the stay is denied, and it is further

ORDERED that this case shall remain stayed until further order of the Court.

SO ORDERED.


Dated:_____                    _____
       New York, New York                                    JUDGES

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE
THE HONORABLE TIMOTHY M. REIF, JUDGE
THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his official capacity as Secretary of Commerce; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and the UNITED STATES, <br><br> Defendants. | Court No. 25-cv-00091 |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISSOLVE THE STAY**

Pursuant to Rule 7(d) of the Rules of the United States Court of International Trade, defendants respectfully file this response in opposition to plaintiff's motion to dissolve the stay, ECF No. 40.

**BACKGROUND**

Axle of Dearborn, Inc. d/b/a Detroit Axle (Axle) brought suit on May 16, 2025. Compl., ECF No. 2. Counts I and II of Axle's complaint allege that the President lacked statutory and constitutional authority to suspend the *de minimis* duty exemption authorized by 19 U.S.C. § 1321(a)(2)(C), as applied to imported products of the People's Republic of China (China), and

that agency actions implementing the President's directive are arbitrary and capricious in violation of the Administrative Procedure Act (APA).  Relevant to those Counts, Axle asks this Court to declare that Executive Orders 14194, 14195, 14200, and 14256 "are unlawful because they exceed the Executive Branch's statutory and constitutional authority" and to enjoin the Government from implementing those orders.  ECF No. 2 at 33.  Counts III and IV allege that the International Economic Emergency Powers Act (IEEPA) tariffs that apply to Axle's imported merchandise are unlawful and that agency actions implementing the IEEPA tariffs are arbitrary and capricious.

On May 21, 2025, Axle moved for a preliminary injunction and partial summary judgment on Counts I and II.  ECF No. 9.  On May 30, we moved to stay this action, which the Court denied without prejudice on June 5.  ECF Nos. 13, 17.  On June 20, we responded in opposition to Axle's motion, moved to dismiss Counts II and IV, and cross-moved for summary judgment on Counts I and III.  ECF No. 21.  On June 26, Axle filed its reply.  ECF No. 29.  Thereafter, the Court stayed its consideration of Counts III and IV of Axle's complaint "pending the final resolution of all appellate review proceedings in *V.O.S. Selections, Inc. v. United States*, No. 25-1812 (Fed. Cir. docketed May 28, 2025), and its member case, No. 25-1813 (Fed. Cir. Docketed May 28, 2025)."  ECF No. 31.  On July 10, the Court held "oral argument on Plaintiff's Motion for Preliminary Injunction, focusing exclusively on the de minimis exemption issues addressed in Counts I and II of Plaintiff's Complaint."  *Id*.; ECF No. 36.

On July 28, 2025, the Court denied Axle's motion for a preliminary injunction and stayed the remainder of the case "pending a final resolution" of *V.O.S.*[1]  ECF No. 38.  While the case

---

[1] Since the Court issued its decision staying this case, the United States Court of Appeals for the Federal Circuit issued a decision affirming in part and vacating in part this Court's decision

remains stayed, Axle filed a motion for leave to amend its complaint, explaining that it seeks to "add to the challenged executive orders the recently issued Executive Order 14324" and "challenge the new agency actions implementing Executive Order 14324." ECF No. 39 at 1. In its proposed amended complaint, as relief for Counts I and II, Axle asks this Court to declare that Executive Orders 14195, 14200, 14256, and 14324 are unlawful and that agency actions implementing the President's directive are arbitrary and capricious in violation of the APA. ECF No. 39-1 at 36; *id.* at 32.

Without securing leave to amend its complaint, Axle—on the same date and in a single document—filed a motion to dissolve the stay and a renewed motion for partial summary judgment on Counts I and II of its proposed amended complaint. ECF No. 40. We respond to Axle's motion to dissolve the stay.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Decisions concerning when and how to stay a case rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F. 3d 1413, 1416 (Fed. Cir. 1997) (citations

---

in *V.O.S. V.O.S. Selections, Inc. v. Trump*, No. 2025-1812, 2025 WL 2490634 (Fed. Cir. Aug. 29, 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025). The Federal Circuit also withheld issuance of the mandate until October 14, 2025, to allow the parties to file a petition for a writ of certiorari in the Supreme Court and directed this Court to "take no further action" in the case while the issuance of the mandate is withheld. *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, ECF No. 161 (Aug. 29, 2025). The Government filed a petition for a writ of certiorari, which the Supreme Court granted. 2025 WL 2601020. The Supreme Court also granted certiorari before judgment in another case challenging the imposition of tariffs under IEEPA. *Learning Re-sources, Inc. v. Trump*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025).

3

omitted). On July 28, 2025, the Court exercised its sound discretion and stayed its consideration of Counts I and II of Axle's complaint pending a final resolution of *V.O.S.* Axle fails to provide a meaningful basis to disturb the Court's decision and prematurely dissolve the stay.

First, contrary to Axle's assertion, adding Executive Order 14324 (the "Global De Minimis Order") to the list of challenged Executive Orders in a future amended complaint would not "eliminate the basis for the Court's stay in this case." ECF No. 40 at 1. Axle continues to challenge and seek relief from the orders it previously challenged, and its arguments continue to be intertwined with the arguments presented in *V.O.S.* Axle's complaint, even if amended as Axle has requested, would continue to challenge Executive Orders 14195, 14200, and 14256. Those are the same Executive Orders that the Court was considering—and referred to as the "Trafficking Orders"—when it stayed this case pending resolution of *V.O.S. See* ECF No. 38. In order to resolve Counts I and II, the Court would still need to address the legality of Executive Orders 14195, 14200, and 14256. Axle's renewed motion for summary judgment confirms as much, as Axle (1) relies on "[t]he Federal Circuit's recent decision in *V.O.S.*," (2) argues that "the executive *orders* . . . , now *including* the Global De Minimis Order . . . , exceed the Executive's statutory and constitutional authority"; (3) requests vacatur of a Federal Register notice by U.S. Customs and Border Protection (CBP) implementing Executive Order 14256, claiming that vacating the notice "would entitle Detroit Axle to a refund of tariffs that the notice unlawfully caused to be collected" *before* August 29, 2025, the date the Global De Minimis Order went into effect. *See* ECF No. 40 at 8, 12 n.1, ECF No. 21 at 11.

These arguments are far from settled. As we explained in our motion to dismiss and cross-motion for summary judgment, IEEPA broadly authorizes the President to "regulate … importation" of foreign goods and to "nullify" and "void" preexisting "rights," which includes

4

suspension of the *de minimis* privilege. Moreover, CBP's Federal Register notice was an action taken to implement Executive Order 14256 pursuant to presidential delegation, not the culmination of any agency decision making process subject to the APA. Regardless of whether the Court permits Axle to amend its complaint to add a challenge to Executive Order 14324, the legality of the "Trafficking Orders" is still very much an issue before the Court. The Court exercised its sound discretion to stay its resolution of those issues while the Federal Circuit and now the Supreme Court decide *V.O.S.*, and Axle presents no reason to disturb that judgment.

Second, even if Axle were now seeking summary judgment "solely with respect to the Global De Minimis Order and the CBP notices that have purported to rescind the exemption" as it claims (even though its arguments demonstrate otherwise), declining to dissolve the stay will promote judicial economy and conserve party and judicial resources by avoiding piecemeal litigation and the need for additional briefing when the Supreme Court decides *V.O.S.* following the highly expedited briefing currently in progress. *See Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 154 (Ct. Int'l Trade 2013) ("A stay . . . must take into consideration the interests of judicial economy and efficiency") (citing *Landis*, 299 U.S. at 257).

As explained above, Axle challenges the Trafficking Orders in addition to the Global De Minimis Order. Axle apparently asks the Court to first decide the legality of the Global De Minimis Order and then, after a final resolution of *V.O.S.*, decide the legality of the Trafficking Orders with respect to the suspension of the *de minimis* privilege on imported products of China. This approach to the case would require the Court to engage in the same analysis twice. The President issued each of these executive orders pursuant to IEEPA. The Government has argued that IEEPA gives the President authority to do so by permitting him to "regulate" imports and "nullify" or "void" privileges in covered property during a national emergency. The Supreme

5

Court will review questions regarding the interpretation of IEEPA, Presidential powers, and constitutional matters, and that decision will be instructive on the interpretation of the President's authority to issue the Executive Orders suspending the *de minimis* exemption privilege. Moreover, the Supreme Court's decision will directly impact the resolution of the remaining counts of Axle's complaint, which challenge the President's authority to impose the IEEPA tariffs.

Thus, continuing the stay will eliminate a need for the parties to brief the same issues both before and after a Supreme Court decision and allow the Court to decide all issues at once, thereby promoting judicial economy and conserving party and judicial resources. *See, e.g., Diamond Sawblades Mfrs' Coal. v. United States*, 34 CIT 404, 407 (Ct. Int'l Trade 2010) (continuing a stay of proceedings where "the court and each of the litigants . . . risk expending substantial resources on litigation that may ultimately prove to be irrelevant").

Third, a continued stay would not be "immoderate in extent" because the Supreme Court has already issued an expedited briefing schedule and has scheduled the case for argument for November 5, 2025. *See Landis*, 299 U.S. at 255-56. Given the national significance of the issues involved and the expedited schedule on which the Supreme Court is considering these questions, there is good reason to anticipate an expeditious disposition of *V.O.S.*

Fourth, the limited, continued stay will not result in injury to Axle. Contrary to its previous assertions that Axle "will be forced to wind down U.S. operations" unless provided expeditious relief, ECF No. 10 at 2, and that "{b}y the end of June, {it} will be forced to close its Michigan operations and lay off hundreds of employees," ECF No. 9-1 at 6, Axle now admits that "the company has retained some of the business that it thought it would lose and has not needed to lay off as many workers as previously predicted," ECF No. 40-1 at 2. The harm Axle

6

now claims is to its "profitability, reputation, and operating model." ECF No. 40 at 3. This alleged harm does not outweigh the factors warranting the stay, which are especially strong here given that a Supreme Court decision will clarify, simplify, and perhaps eliminate the questions of law to be addressed by this Court. The Court concluded that a stay was appropriate despite Axle's previous predictions of imminent catastrophe. It can readily decline to dissolve the stay now that Axle's predictions have turned out to be incorrect.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Axle's motion to dissolve the stay.

DATED: September 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

By:  PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Liridona Sinani
LIRIDONA SINANI
ALEXANDER VANDERWEIDE
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station

7

                                        Washington, D.C.  20044
                                        Tel: (202) 353-2188
                                        Fax : (202) 307-0972

*Attorneys for Defendants*