IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF COMMERCE; HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, *in his official capacity as Acting Commissioner for U.S. Customs and Border Protection*; and the UNITED STATES,<br><br>*Defendants*. | Case No. 1:25-cv-00091 |

**DETROIT AXLE'S OPPOSITION TO THE
GOVERNMENT'S MOTION FOR EXTENSION OF TIME**

Detroit Axle opposes the government's motion for an extension of time to respond to Detroit Axle's motions for leave to amend the complaint and for partial summary judgment. The government makes two alternative requests: First, if the Court *grants* Detroit Axle's motion to dissolve the stay, the government seeks 35 additional days to respond to the motions to amend the complaint and for partial summary judgment. Second, if the Court *denies* Detroit Axle's motion to dissolve the stay, the government asks that the Court direct the parties to file a proposed briefing schedule "within 21 days of the conclusion of all proceedings before the Supreme Court, as well as any remand to the Federal Circuit" in *V.O.S.* Because the government has failed to establish "good cause" for either request, the Court should reject them. CIT Rule 6(b)(1)(A).

1

First, if the Court grants Detroit Axle's motion to dissolve the stay, the government does not need 35 days to respond to Detroit Axle's motion to amend the complaint and its motion for partial summary judgment. The proposed amended complaint simply adds allegations challenging the recent Global De Minimis Order, ECF 41-1, and the 8-page motion for partial summary judgment explains why that order is unlawful "for the reasons explained in prior briefing" and "at the summary judgment hearing." ECF 40 at 7–14. The government has briefed and argued these issues at length in this case and others; it does not need 35 additional days to refine its arguments. Rather, if the Court dissolves the stay it should give the government no more than 14 days to respond to Detroit Axle's motions, which is consistent with the briefing schedule the Court imposed when it denied in part the government's initial stay request. *See* ECF 17 (June 5, 2025 paperless order requiring government to respond "no later than June 20, 2025").

Second, if the Court denies Detroit Axle's motion to dissolve the stay, there is no need for the Court to say anything about what happens when the stay expires—let alone grant the government an additional 21-day grace period so that the parties can negotiate a "proposed briefing schedule." ECF 44 at 3. Upon the expiration of the stay, Detroit Axle intends immediately to renew its motions to amend the complaint and for summary judgment. The government's response to those motions will be governed by the local rules, so there is no need for a negotiated briefing schedule—and certainly no reason why the parties would need 21 days to confer and thereby further delay Detroit Axle's badly needed relief.

The Court should deny the government's motion for an extension of time.

October 2, 2025                                    Respectfully submitted,

/s/ Thomas H. Dupree Jr.

Thomas H. Dupree Jr.
Samantha Sewall
Nick Harper
Connor P. Mui
Luke J.P. Wearden
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
TDupree@gibsondunn.com
SSewall@gibsondunn.com
NHarper@gibsondunn.com
CMui@gibsondunn.com
LWearden@gibsondunn.com

*Counsel for Plaintiff Detroit Axle*

3

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

Pursuant to CIT Standard Chambers Procedure 2(B), I certify that this brief, including headings, footnotes, and quotations (but excluding the table of contents, table of authorities, signature blocks, and this certificate) contains 440 words.

*/s/ Thomas H. Dupree Jr.*

*Counsel for Plaintiff Detroit Axle*