IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF COMMERCE; HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, *in his official capacity as Commissioner for U.S. Customs and Border Protection*; and the UNITED STATES,<br><br>*Defendants.* | Case No. 1:25-cv-00091 |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to CIT Rule 15(a)(2), Plaintiff Detroit Axle respectfully requests leave to amend its complaint, ECF 2. The government has informed counsel for Detroit Axle that it takes no position on this motion.

This Court previously stayed this case pending the resolution of *V.O.S. Selections, Inc. v. United States*, No. 25-00066 (Ct. Int'l Trade 2025), and *Oregon v. United States*, No. 25-00077 (Ct. Int'l Trade 2025). Those cases were resolved on February 20, 2026 when the Supreme Court held that the International Emergency Economic Powers Act ("IEEPA") "does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 WL 477534 at *14 (Feb. 20, 2026). That same day, the government rescinded the IEEPA tariffs. *See* Executive

1

Order 14389, *Ending Certain Tariff Actions*, 91 Fed. Reg. 9,437 (Feb. 20, 2026). But the government also issued another executive order providing that its revocation of the de minimis exemption for imports from all countries would continue notwithstanding the rescission of the IEEPA tariffs. *See* Executive Order 14388, *Continuing the Suspension of Duty-Free De Minimis Treatment for All Countries*, 91 Fed. Reg. 9,433 (Feb. 20, 2026). Thus, while the IEEPA-tariff cases have been resolved by the Supreme Court, Detroit Axle continues to be irreparably harmed by the rescission of the de minimis exemption, because the company is being forced to pay the remaining, significant non-IEEPA tariffs on shipments that it otherwise would ship duty-free under the exemption.

The proposed amended complaint, attached to this motion as Exhibit A, would account for these recent developments by, among other things:

- Adding to the challenged executive orders Executive Orders 14324 and 14388. Executive Order 14324 eliminated the de minimis exemption worldwide effective August 29, 2025, and superseded prior executive orders rescinding the de minimis exemption solely for Chinese imports. Executive Order 14388 amended Executive Order 14324 following the Supreme Court's decision in *Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 WL 477534 (2026), to clarify that the government will continue to enforce the purported rescission of the de minimis exemption notwithstanding the Supreme Court's ruling in *Learning Resources*.

- Challenging the new agency actions implementing Executive Orders 14324 and 14388.[1]

---

[1] *See, e.g.*, Notice of Implementation of the President's Executive Order 14324, Suspending Duty-Free De Minimis Treatment for All Countries, 90 Fed. Reg. 42,417 (published Sept. 2, 2025); Customs & Border Prot., E-Commerce Frequently Asked Questions – Executive Order 14324 (Aug. 28, 2025), https://tinyurl.com/4pvny752; Cargo Systems Messaging Service (CSMS) # 67845486 (Feb. 23, 2026) (providing that pursuant to Executive Order 14388 "all goods entering the United States regardless of country of origin remain ineligible for the administrative exemption

- Updating Detroit Axle's allegations to account for, among other things, the Supreme Court's decision in *Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 WL 477534 (2026).

Leave to amend should be "freely give[n] when justice so requires." CIT R. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1362 (Fed. Cir. 2019). Here, justice requires that Detroit Axle be permitted to amend its complaint to challenge the executive orders and agency actions that superseded the orders Detroit Axle initially challenged and are irreparably injuring Detroit Axle through their rescission of the de minimis exemption. *See, e.g.*, *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 9 (D.D.C. 2017) (permitting amendment to challenge superseding agency action). Allowing amendment would serve the policy of Rule 15 to "provide maximum opportunity for each claim to be decided on the merits rather than procedural technicalities." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1471 (3d ed. 2010)). And there is no "reason—such as undue delay, bad faith or a dilatory motive . . . [or] undue prejudice"—to deny Detroit Axle leave to amend. *Foman*, 371 U.S. at 182. Detroit Axle initially sought leave to amend within a week of Executive Order 14324 being put in place, and it now seeks leave within a week of the Supreme Court's decision in *Learning Resources* and Executive Order 14388.

The Court therefore should grant Detroit Axle leave to file the amended complaint, attached as Exhibit A to this motion. A redlined version reflecting changes to the complaint, ECF 2, is attached as Exhibit B to this motion.

---

from duty and certain tax at 19 U.S.C. § 1321(a)(2)(C) ('de minimis treatment'), unless they are goods covered by the exception at 50 U.S.C. 1702(b), i.e., certain donations, information/informational materials, and accompanied baggage for personal use.").

| | |
|---|---|
| February 26, 2026 | Respectfully submitted, |
| | /s/ *Thomas H. Dupree Jr.* |
| | Thomas H. Dupree Jr.<br>Samantha Sewall<br>Nick Harper<br>Connor P. Mui<br>Luke J.P. Wearden<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>(202) 955-8500<br>TDupree@gibsondunn.com<br>SSewall@gibsondunn.com<br>NHarper@gibsondunn.com<br>CMui@gibsondunn.com<br>LWearden@gibsondunn.com |
| | *Counsel for Plaintiff Detroit Axle* |