### IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AXLE OF DEARBORN, INC. D/B/A DETROIT AXLE,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF COMMERCE; HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODENY S. SCOTT, *in his official capacity as Commissioner for U.S. Customs and Border Protection*; and the UNITED STATES,<br><br>*Defendants.* | Case No. 1:25-cv-00091 |

### DETROIT AXLE'S MOTION FOR ORDER
### REQUIRING RELIQUIDATION OF FINALLY LIQUIDATED ENTRIES

Detroit Axle respectfully requests that this Court enter an order requiring the government to reliquidate Detroit Axle's entries that have been liquidated for more than 80 days, without regard to duties imposed unlawfully under the International Emergency Economic Powers Act (IEEPA). Such an order is necessary to provide Detroit Axle the relief it is entitled to under *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026), and would be identical to the orders entered by Judge Eaton in thousands of related cases seeking refunds of tariffs imposed under IEEPA, *see, e.g.*, *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, No. 25-00255, ECF No. 51 (Ct. Int'l Trade July 17, 2026) (attached as Exhibit A).  The requested relief would not affect Detroit Axle's separate

1

claims challenging the government's rescission of the de minimis exemption; it would simply allow Detroit Axle to participate in the IEEPA-refund process on the same terms as thousands of other importers that have brought refund suits in this Court.  The government opposes this Court entering a reliquidation order but would not oppose this Court entering an order severing Count III from the Amended Complaint (the count seeking IEEPA refunds, ECF No. 55) and reassigning that claim to Judge Eaton so that he can enter a reliquidation order.  If the Court concludes that severance and reassignment is the more appropriate course, Detroit Axle would not oppose that relief.

On February 20, 2026, in a consolidated case that included *V.O.S. Selections, Inc. v. United States*, No. 25-00066, the Supreme Court held that IEEPA "does not authorize the President to impose tariffs."  *Learning Resources*, 607 U.S. at 255.  On March 4, following the return of the mandate in *V.O.S.*, Judge Eaton issued an order in a related case directing the government to liquidate or reliquidate "without regard to the IEEPA duties" all entries subject to IEEPA duties.  *Atmus Filtration, Inc. v. United States*, No. 26-01259, ECF No. 21 (Ct. Int'l Trade Mar. 4, 2026).

To partially carry out that order, the government created a new functionality, the Consolidated Administration and Processing of Entries (CAPE), through which it has processed the reliquidations and refunds of certain entries subject to IEEPA duties.  *See Atmus*, ECF No. 51 ¶ 2.  On April 20, the government initiated Phase 1 of the CAPE functionality and began processing refunds for eligible entries.  *Euro-Notions Fla., Inc. v. United States*, No. 25-00595, ECF No. 26 ¶ 3 (Ct. Int'l Trade (Apr. 28, 2026).  Among other eligibility requirements, the government has limited CAPE Phase 1 to entries that have been liquidated for 80 days or less at the time the importer submits the refund request.  *Atmus*, ECF No. 51 ¶ 15(c).  The government has justified that requirement by maintaining that it lacks authority, absent a court order, to reliquidate entries that are

"finally liquidated"—*i.e.*, that are beyond the 90-day voluntary reliquidation period in 19 U.S.C. § 1501. *AGS*, ECF No. 51 at 2-3 & n.2. (The government has imposed an 80-day time limit on CAPE Phase 1 eligibility "to avoid an entry's liquidation from becoming final after it was submitted to CAPE but before the entry was processed." *Id.*)

The CAPE system has expanded since April 20, and the government has stated in recent filings before Judge Eaton that it plans to open a new phase of CAPE that would process refunds for finally liquidated entries for importers that have filed suit in the CIT and obtained a court order requiring reliquidation. *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, ECF No. 98-1 ¶ 11 (Ct. Int'l Trade June 4, 2026). On July 17, to facilitate that process, Judge Eaton entered an order in the more than 3,700 IEEPA-refund cases directing the government to reliquidate finally liquidated entries. *See, e.g.*, *AGS*, ECF No. 51 at 4. The order provides that "U.S. Customs and Border Protection shall reliquidate, without regard to IEEPA duties, any and all of Plaintiffs' entries that have been liquidated for more than 80 days and on which Plaintiffs made estimated deposits pursuant to IEEPA," "subject to Plaintiffs' counsel's submission to U.S. Customs and Border Protection of Plaintiffs' importer of record identification number(s), in accordance with instructions to be provided by U.S. Customs and Border Protection and conveyed to Plaintiffs' counsel." *Id.*

Like the more than 3,700 plaintiffs in the cases before Judge Eaton, Detroit Axle has filed suit in this Court requesting (in relevant part) reliquidation of all entries subject to IEEPA duties and a refund of any duties imposed under IEEPA. Specifically, Count III of Detroit Axle's Amended Complaint challenges the IEEPA duties as unlawful and seeks refunds of all IEEPA duties unlawfully imposed on Detroit Axle's imports. ECF No. 55 ¶¶ 94–98; *see also id.* Prayer for Relief ¶¶ e, g (requesting refunds of IEEPA tariffs on liquidated entries). Detroit Axle has submitted requests for refunds through the CAPE Phase 1 process for entries subject to IEEPA

3

duties that were liquidated for 80 days or less at the time the refund requests were submitted.  But Detroit Axle has additional entries for which it deposited IEEPA duties that were not eligible for CAPE Phase 1 because they were more than 80 days past liquidation at the time Detroit Axle submitted its CAPE Phase 1 refund request.

To facilitate reliquidation of those additional entries, Detroit Axle respectfully requests that the Court enter an order in this case identical to the one entered by Judge Eaton, directing the government to reliquidate, without regard to IEEPA duties, any and all of Detroit Axle's entries that have been liquidated for more than 80 days and on which Detroit Axle made estimated deposits pursuant to IEEPA.  Such an order would grant Detroit Axle relief only as to Count III of its Amended Complaint.  It would be entirely separate from and would not affect Detroit Axle's claims challenging the rescission of the de minimis exemption (Counts I and II of the Amended Complaint) or the pending cross-motions for partial summary judgment on those counts.  *See* ECF Nos. 53, 59.  The government has in its possession Detroit Axle's importer of record number, and Detroit Axle is willing and able to submit a CAPE declaration and to follow any additional instructions provided by U.S. Customs and Border Protection.  Detroit Axle therefore respectfully requests that the Court grant this motion for an order requiring the government to reliquidate any and all of Detroit Axle's entries that have been liquidated for more than 80 days and on which Detroit Axle made estimated deposits pursuant to IEEPA.

Counsel for Detroit Axle has conferred with counsel for the government regarding the relief requested in this motion.  The government opposes this Court entering a reliquidation order but would not oppose this Court entering an order severing Count III from the Amended Complaint and reassigning that claim to Judge Eaton so that he can enter a reliquidation order.  Although Detroit Axle believes that it would be simpler for this Court to enter the reliquidation order, if the

Court concludes that severing Count III and reassigning it to Judge Eaton is the more appropriate

course, Detroit Axle would not oppose severance and reassignment.

July 28, 2026                                    Respectfully submitted,


                                                 */s/ Thomas H. Dupree Jr.*

                                                 Thomas H. Dupree Jr.
                                                 Samantha Sewall
                                                 Nick Harper
                                                 Connor P. Mui
                                                 Luke J.P. Wearden
                                                 GIBSON, DUNN & CRUTCHER LLP
                                                 1700 M Street, N.W.
                                                 Washington, D.C. 20036-4504
                                                 (202) 955-8500
                                                 TDupree@gibsondunn.com
                                                 SSewall@gibsondunn.com
                                                 NHarper@gibsondunn.com
                                                 CMui@gibsondunn.com
                                                 LWearden@gibsondunn.com

                                                 *Counsel for Plaintiff Detroit Axle*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

Pursuant to CIT Standard Chambers Procedure 2(B), I certify that this motion, including headings, footnotes, and quotations (but excluding the table of contents, table of authorities, signature blocks, and this certificate) contains 1,186 words.

/s/ *Thomas H. Dupree Jr.*

*Counsel for Plaintiff Detroit Axle*